IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 15-cv-00426-LTB-MJW

L.S., by and through his parents and next friends, E.S. & J.S.,

      Plaintiff,

v.

CALHAN SCHOOL DISTRICT RJ-1 and
PIKES PEAK BOARD OF COOPERATIVE EDUCATIONAL SERVICES (BOCES),

      Defendants.
_____

ORDER
_____

   This matter is before me on Defendant's Motion to Submit Additional Evidence and Brief in Support filed by the Calhan School District RJ-1 and Pikes Peak Board of Cooperative Educational Services in this civil action brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, *et seq.* [**Doc #30**]  Plaintiff L.S. opposes this request. Upon consideration of the parties' briefing, I GRANT IN PART and DENY IN PART the motion as follows.

## I.  BACKGROUND

   L.S. is a high school student with autism living in Calhan School District RJ-1.  Calhan School District is a member of the Pikes Peak Board of Cooperative Educational Services ("Pikes Peak BOCES") which is a local educational agency as provided for by 20 U.S.C. §1401(19).  Pikes Peak BOCES provides oversight and services under the IDEA to students with disabilities in small and rural school districts located east of Colorado Springs, Colorado,

including Calhan School District. I refer to both Calhan School District and Pikes Peak BOCES collectively as "the School District."

In August of 2014, L.S.'s parents filed a due process complaint challenging the School District's plan to change L.S.'s educational placement for the 2014/2015 school year – from Calhan High School to the Communication and Language Acquisition Program (the "CoLA" program) at the School of Excellence in Colorado Springs – as set forth in his April 2014 Individualized Education Program ("IEP"). After a three-day due process hearing in December of 2014, an Administrative Law Judge ("ALJ") issued an Agency Decision on January 8, 2015, ruling in favor of L.S. and against the School District. Specifically, the ALJ ruled that L.S.'s placement at Calhan High School provided him with the least restrictive environment ("LRE") to obtain a free appropriate public education ("FAPE") as required by the IDEA. As such, the ALJ ruled that the proposed placement with the CoLA program was prohibited by the IDEA. [Doc #4] L.S. then initiated this action by filing a complaint seeking his attorney fees as the prevailing party, as provided for by the IDEA under 20 U.S.C. §1415(1)(3)(B). [Doc #1] The School District filed a counterclaim seeking review and reversal of the Agency Decision pursuant to 20 U.S.C. §1415(i)(2)(A). [Doc #10]

At issue in this motion is the School District's request that I admit and consider additional evidence not presented to the ALJ in my review of the Agency Decision. Specifically, it seeks the admission of the following evidence that has become available following the ALJ's January 2015 Agency Decision: (1) an Incident Report and testimony from the Principal of Calhan High School (David Slothower) regarding a physical attack on a staff member by L.S. on February 3, 2015; (2) an Evaluation of L.S. performed in March/April of 2015 by Dr. Betty Jo

Freeman, and her expert testimony explaining her report; and (3) the subsequent May 2015 IEP developed for L.S. The School District also requests that I consider expert testimony from Dr. David Rostetter an Independent Educational Consultant who will testify regarding the IDEA's procedural and substantive requirements, "with particular focus on IDEA's requirement that a student be educated in the least restrictive environment," and the application of those requirements to this case. [Doc # 42] The School District contends Dr. Rostetter was not retained in the underlying due process hearing "because of the short administrative timelines" and "in order to conserve the resources" of both Pikes Peak BOCES and the judiciary. [Doc #30]

## II. LAW

The School District seeks review of the ALJ's decision pursuant to 20 U.S.C. §1415(i)(2)(A). That section provides that, as relevant here, any party aggrieved by the findings and decision "shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought . . . in a district court of the United States . . .". In such action, the court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. §1415(i)(2)(C); *Murray By & Through Murray v. Montrose Cty. Sch. Dist. RE-1J*, 51 F.3d 921, 927 (10th Cir. 1995). The court's review of an ALJ's decision is a modified *de novo* review in that the court must "independently review the evidence contained in the administrative record, accept and review additional evidence, if necessary, and make a decision based on the preponderance of the evidence, while giving 'due weight' to the administrative proceedings below." *Id*. At issue here is whether the new evidence requested by the School District should

be admitted and considered in its appeal of the Agency Decision under 20 U.S.C. §1415(i)(2)(C)(ii) which requires that the court "shall hear additional evidence at the request of a party."

In *Murray v. Montrose County School District, supra,* the Tenth Circuit noted a split in the Circuits in interpreting the IDEA's requirement that this court "shall hear additional evidence." 51 F.3d at 930-31 FN15. Specifically, the Court found that the First and Ninth Circuits construed "additional" to mean "supplemental." *Id*. (*citing Town of Burlington v. Department of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984), *aff'd on other grounds*, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985); and *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472-73 (9th Cir. 1993)). The Sixth Circuit, in contrast, adopted a broader view that "[t]o 'add' means to join or unite; the limitation on what can be joined inherent in the term 'supplement' is not present in the term 'add.'" *Metropolitan Gov't v. Cook*, 915 F.2d 232, 234 (6th Cir. 1990). Although the Tenth Circuit has not explicitly ruled, in 2004 it cited the supplemental interpretation when it stated that "although the district court may accept additional evidence [under the IDEA] such evidence is merely supplemental to the administrative record" as "[t]he district court's proceedings must maintain the character of review and not rise to the level of a *de novo* trial." *L.B. ex rel. K.B. v. Nebo Sch. Dist.*, 379 F.3d 966, 974 (10th Cir. 2004)(*citing Ojai Unified Sch. Dist. v. Jackson*, *supra*, 4 F.3d at 1472-73); *see also Garcia ex rel. Garcia v. Bd. of Educ. of Albuquerque Pub. Sch.*, 2007WL5023652 (D.N.M. 2007)(unpublished) *aff'd in part sub nom. Garcia v. Bd. of Educ. of Albuquerque Pub. Sch.*, 520 F.3d 1116 (10th Cir. 2008).

In determining whether additional evidence offered by a party should be considered by a district court as "supplemental" to the record in IDEA cases, district courts have employed the

rulings of *Burlington v. Department of Education. See e.g. Tyler V. ex rel. Desiree V. v. St. Vrain Valley Sch. Dist. No. RE 1J*, 2008WL2064758 (D. Colo. 2008)(*citing Johnson ex rel. Johnson v. Olathe Dist. Sch.*, 212 F.R.D. 582, 585 (D. Kan. 2003)(indicating that "[a]lthough the Tenth Circuit has not decided the issue, this Court remains persuaded that the First Circuit's standard for the admission of additional evidence in IDEA cases is appropriate [as set forth in *Burlington v. Department of Education*], and thus the Court will apply the standard to the facts presented here"). In *Burlington v. Department of Education,* the First Circuit set forth the following factors to be considered when ruling on motions to present additional evidence in IDEA cases: "the important concerns of not allowing a party to undercut the statutory rule of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." 736 F.2d at 791; *see also Tyler V. v. St. Vrain Valley Sch. Dist., supra* (*citing Miller ex rel S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.,* 455 F.Supp.2d 1286, 1302 (D.N.Mex. 2006)). In so doing, the Court provided four exemplary reasons sufficient to allow the admission of such evidence: "the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Town of Burlington v. Dep't of Educ., supra,* 736 F.2d at 790.

Finally, it is clear that I have the discretion to determine if such additional evidence is necessary. *Murray v. Montrose Cty. Sch. Dist., supra,* 51 F.3d at 927; *see also O'Toole By & Through O'Toole v. Olathe Dist. Sch. Unified Sch. Dist. No. 233*, 144 F.3d 692, 708 (10th Cir. 1998); *P.R. v. Shawnee Mission Unified Sch. Dist. No. 512*, 2012WL1534793 (D.Kan. 2012)

(unpublished)(noting that "courts have largely agreed that the taking of additional evidence as that term is used in [IDEA] is a matter left to the discretion of the trial court")(*quoting Johnson v. Olathe Sch. Dist.*, *supra*, 212 F.R.D. at 585).

### III. TIMELINESS OF MOTION

As an initial matter, I first address L.S.'s contention that this motion should be denied as it is untimely and the admission of the evidence sought would be extremely prejudicial. L.S. claims that the School District knew it intended to seek the admission of this additional evidence, but that it waited to the day before the close of discovery to reveal it and, in turn, that this unfair litigation strategy effectively forecloses L.S.'s opportunity to conduct discovery.

Although it may be true that this motion was filed on the last day of discovery, the School District asserts that it declared its intent to seek admission of additional evidence from the commencement of the action. For example, it indicated in its initial Answer/Counterclaim that it intended to seek admission of: evidence of L.S.'s assault on the paraprofessional; the updated March/April Evaluation; and evidence related to "any other issue that will assist in the equitable resolution of the matter." [Doc #10 pp. 11-12] The Scheduling Order in this case, signed by Magistrate Judge Michael J. Watanabe on May 5, 2015, indicates that the School District would be seeking to admit additional evidence and, as such, it provides for discovery in the form of limited depositions, interrogatories and requests for production. [Doc #14 pp. 2, 4-5] The School District also notes that it mentioned both the Incident Report and the March/April Evaluation in its response to L.S.'s motion for summary judgment on July 7, 2015. [Doc #21 pp. 4-5] Finally, the School District notes that L.S. received all the documents at issue – the Incident Report, the March/April Evaluation, and the May 2015 IEP – outside of the discovery process at

the time they were created.  As to the proposed expert testimony, the School District contends that it timely disclosed its intended expert witnesses (both Dr. Betty Jo Freeman and Dr. David Rostetter) pursuant to Fed. R. Civ. P. 26(a)(2) and the Scheduling Order.  As a result, the School District argues that its request for the admission of additional evidence here is timely.  L.S. asserts, in response, that the additional discovery done by the parties in this case did not relate to the evidence now sought by the School District, but instead focused on L.S.'s seizure disorder and issues related to his transportation to and proposed placement at the CoLA program.  He argues that because the additional evidence now sought by the School District had not been specifically requested until now, he did not conduct any related discovery.  And, now that the discovery deadline has past, he contends that it is too late and too prejudicial to L.S. to admit this new evidence.

I conclude, however, that this request for additional evidence is timely under the Scheduling Order and not prejudicial in light of the various forms of notice provided to L.S. of the School District's intent to seek the introduction of such evidence, as well as L.S.'s awareness of it existence.  *See e.g. O'Toole v. Olathe Dist. Sch. Unified Sch. Dist. No. 233*, 144 F.3d at 697 (ruling that the district court has discretion to determine if additional evidence is necessary, and the denial of motion seeking to enlarge the time to seek to admit such evidence was not an abuse of discretion when "counsel did not file this motion prior to the expiration of discovery," he "failed to show excusable neglect justifying his late filing," and Plaintiffs "failed to justify the need for the additional evidence").  To the extent that I have determined that the evidence sought is necessary and should be admitted and considered in my modified *de novo* review, as discussed below, L.S. should be allowed to question the witnesses and present rebuttal evidence.  In so

ruling, I reject his contention that the admitted additional evidence would require "extensive further discovery and a lengthy re-trial of the entire case." [Doc #34 pg. 8]

## IV. PROFFERED EVIDENCE

A. Post-Ruling Evidence:

As to the specific evidence sought, I first address the School District's request to admit evidence of L.S.'s progress after the ALJ's Agency Decision, dated January 8, 2015, ruling that at Calhan High School is able to provide L.S. with a FAPE. Specifically, the School District asks that I admit evidence of an incident on February 3, 2015 in which L.S. physically attacked a staff member at Calhan High School. The School District seeks admission of the Incident Report and testimony from Principal Dave Slothower explaining the report and his intervention in the altercation. The School District also seeks the admission of an Evaluation of L.S. done by Dr. Freeman in March/April 2015. Finally, the School District seeks the admission and consideration of the IEP developed for L.S. in May 2015 based on the new evaluation and L.S.'s recent educational performance.

As to the admission of the Incident Report documenting the physical altercation on February 3, 2015, and related testimony of Principal Slothower, I agree with the School District that such evidence is necessary and relevant to my independent review of whether Calhan High can provide L.S. with a FAPE. Although L.S. contends that there is dispute about the circumstances and significance of the incident, I have determined that L.S. should be allowed to submit rebuttal evidence related to this incident. Therefore, I conclude that evidence of the February 2015 incident is necessary and admissible as "evidence concerning relevant events occurring subsequent to the administrative hearing." *Town of Burlington v. Dep't of Educ.,*

*supra,* 736 F.2d at 790.

    I next address the admission of the March/April 2015 Evaluation of L.S. and Dr. Freeman's expert testimony explaining the results of her evaluation and her opinions related to L.S.'s education needs and the appropriate educational setting.  In support of this request, the School District argues that its last evaluation of L.S. was dated 2008.  Although Dr. Freeman was retained by the School District prior to the hearing, she testified at the due process hearing that she only reviewed the applicable programs at Calhan High and CoLA, as well as L.S.'s educational records and IEPs when rendering her opinion about the appropriate program for L.S.  She specifically testified that although she observed L.S. for less than an hour, she did not conduct an evaluation of him because she did not have parental permission and did not assess him across multiple environments and situations. [Administrative Record pg. 1864-65]  L.S.'s parents subsequently gave their written consent, following the ALJ's Agency Decision, and an evaluation was performed by Dr. Freeman in March/April of 2015.  In this motion the School District asserts that this new evaluation would provide "appropriate and necessary additional evidence" for my independent review of the ALJ's decision.  I again agree with the School District that evidence of L.S.'s March/April Evaluation, assessed after the ALJ's ruling, is necessary for my review, under the IDEA's modified *de novo* standard, as necessary and relevant evidence.  In so doing, I reject L.S.'s assertion that allowing Dr. Freeman to testify would improperly provide her with "another shot" at the opinion testimony she proffered at the due process hearing. The testimony given by Dr. Freeman will be limited to an explanation of the results of her new March/April 2015 Evaluation and how the new information provided by the evaluation alters, if at all, her opinions as expressed at the due process hearing.  *See Town of*

*Burlington v. Dept. of Educ.*, *supra*, 736 F.2d at 790 (recognizing that "in many instances experts who have testified at the administrative hearing will be bringing the court up to date on the child's progress from the time of the hearing to the trial").

Finally, the School District seeks the admission of the IEP developed for L.S. in May 2015, based on the new March/April Evaluation and L.S.'s recent educational performance. L.S. argues that the School District cannot seek review of this IEP because it did not first exhaust the IDEA's administrative remedies in order to have the sufficiency of this new IEP reviewed in a civil action as required by 20 U.S.C. §1415(c(b)(2)&(c). *See e.g. Ass'n for Cmty. Living in Colorado v. Romer*, 992 F.2d 1040, 1043 (10th Cir. 1993)(noting that "[j]udicial review under 20 U.S.C. §1415(e)(2) is normally not available until a plaintiff has exhausted the administrative remedies provided under §§1415(b)(2) and (c)"). At issue in this case is the School District's decision to change L.S.'s educational placement, and whether Calhan High School is able to provide L.S. with a FAPE. The new IEP is consistent with the previous IEP determination that Calhan High School cannot provide L.S. with a FAPE, and that he should instead be placed in the CoLA program. The relevance of the new IEP merely relates to L.S.'s education progress at Calhan High School since the Agency Decision was issued in January of 2015. As a result, I again find that the May 2015 IEP is relevant and necessary to my independent review of the ALJ's determination about L.S.'s progress at Calhan High School and, in turn, its ability to provide him with a FAPE.

This is not a case in which the additional evidence sought to be admitted "undercuts the statutory rule of administrative expertise" in that the reason it was not presented at the due process hearing was that it was not yet available. And, the School District did not unfairly

reserve this evidence for trial, nor is "the conservation of judicial resources" implicated. *See Town of Burlington v. Dept. of Educ.*, *supra*, 736 F.2d at 791 (discussing factors to be considered when admitting "additional evidence" under the IDEA). Accordingly, I conclude that the post-ruling evidence requested by the School District is necessary and admissible as supplemental evidence under the IDEA's mandate that I hear "additional evidence," under 20 U.S.C. §1415(i)(2)(C)(ii), in my modified *de novo* review of the School District's challenge to the Agency Decision. *See Murray v. Montrose County Sch. Dist. RE-1J, supra,* 51 F.3d at 931 (ruling that "[e]ven under the more restrictive interpretation taken of 'additional evidence' . . . arguably evidence relating to a child's educational progress subsequent to the due process hearing would be relevant to a determination of appropriate placement pursuant to an IEP")(*citing Town of Burlington v. Dept. of Educ., supra,* 736 F.2d at 790).

B. Additional Expert Testimony:

The School District also seeks the admission of expert testimony from Dr. David Rostetter. The School District proffers that he is an expert in the IDEA's requirements, and "offers the particularized expertise that assists district courts in illuminating the issues and reaching an independent decision on the important educational issues presented." [Doc #30] The School District claims that Dr. Rostetter did not testify at the ALJ's hearing "because of the short administrative time lines and in order to conserve . . . resources," and argues that this additional expert evidence is now necessary "in light of the significant errors in the administrative decision."

Both parties refer me to the case of *Burlington v. Department of Education* in which the First Circuit declined to adopt the rule "that the appropriate construction [of 20 U.S.C.

§1415(i)(2)9C)(ii)] is to disallow testimony from all who did, or could have, testified before the administrative hearing." 736 F.2d at 790.  Instead, the Court ruled that "although an appropriate limit in many cases, a rigid rule to this effect would unduly limit a court's discretion and constrict its ability to form the independent judgment Congress expressly directed." *Id.*  As a result, the Court declined to adopt a rigid rule because district courts have found expert testimony helpful in illuminating the nature of the controversy and "[t]here could be some valid reasons for not presenting some or all expert testimony before the state agency," including expense.  *Id.* at 791.   As such, the Court in *Burlington v. Department of Education* ruled that the admission of additional information, including expert testimony, should be left to the court's discretion.  *Id.*

In this case, in the exercise of my discretion, I agree with L.S. that the proffered testimony of Dr. Rostetter would not be necessary or even helpful to my determination of whether Calhan High School can provide L.S. with a FAPE.  And, to the extent that his testimony is related to the legal requirements of the IDEA, or the School District's claim that the ALJ erred in applying the correct legal standards under the IDEA, such determinations of the law are certainly within the Court's providence.  *See Ellenberg v. New Mexico Military Inst.*, 478 F.3d 1262, 1274 (10th Cir. 2007)(*citing L.B. ex rel. K.B. v. Nebo Sch. Dist.*, *supra*, 379 F.3d at 973-4 (noting that "[a]ny legal determinations made by the district court interpreting the IDEA are reviewed *de novo*")).

Accordingly, I will deny the School District's motion to the extent it seeks the admission and my consideration of the expert testimony of Dr. David Rostetter as additional evidence pursuant to 20 U.S.C. §1415(i)(2)(C)(ii).

## V. CONCLUSION

Based on the foregoing, I grant the School District's request to present the following additional evidence for my review of the Agency Decision: (1) the Incident Report related to the February 3, 2015 altercation and limited testimony from Principal Dave Slothower explaining the report and his involvement in the incident; (2) the Evaluation of L.S. done in March/April 2015 and Dr. Freeman's limited testimony explaining the results and if it alters, if at all, her opinions presented at the due process hearing; and (3) L.S.'s May 2015 IEP.  I deny the School District's request to present the expert testimony of Dr. David Rostetter.  L.S. will be allowed to present rebuttal evidence.  As such, I will schedule a pre-evidentiary hearing conference in order to schedule the hearing, as well set forth the extent and limitations of evidence to be presented by each party. *See Town of Burlington v. Dep't of Educ., supra*, 736 F.2d at 791 (recognizing the need, when admitting additional evidence under 20 U.S.C. §1415(i)(2)(C)(ii), for an "order that identifies who may testify and limits the scope of the testimony" to avoid a trial *de novo*).

ACCORDINGLY, based on the foregoing, I GRANT IN PART and DENY IN PART the Defendant's Motion to Submit Additional Evidence and Brief in Support [**Doc #30**] as set forth above.  A Scheduling and Pre-Evidentiary Hearing Conference is set for **Thursday, March 3, 2016 at 9:00 am** in Courtroom C401, Bryon G. Rogers United States Courthouse, 1929 Stout Street, Denver Colorado.  In anticipation of this conference, the parties shall file with the court **on or before February 29, 2016**, a single proposed Pre-Evidentiary Hearing Order setting forth: 1) the exhibits sought to be introduced by each party; 2) proposed witness and rebuttal witness

lists including a summary of the testimony to be presented and an estimated time/length thereof; and 3) an identification of any anticipated disputed evidentiary issues.

Dated: February __11__, 2016, in Denver, Colorado.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, JUDGE