IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 15-cv-00426-LTB-MJW

L.S., by and through his parents and next friends, E.S. & J.S.,

        Plaintiff,

v.

CALHAN SCHOOL DISTRICT RJ-1 and
PIKES PEAK BOARD OF COOPERATIVE EDUCATIONAL SERVICES (BOCES),

        Defendants.

_____

ORDER
_____

      This matter is before me on Motion For Reconsideration filed by Plaintiff, L.S. [**Doc #53**] Plaintiff seeks reconsideration of my ruling – contained in my Order dated February 16, 2016 – that denied as moot his Motion for Summary Judgment [Doc #20 – filed on June 16, 2015] on the basis that it was a dispositive motion filed prior to the submission of a uniform administrative record. [Doc #52]  In this motion Plaintiff contends that the denial of his Motion for Summary Judgment was not warranted because the motion is solely based on Plaintiff's claim for attorney fees and costs incurred during the underlying administrative process pursuant to 20 U.S.C. §1415(i)(3)(B)(i)(I).  Plaintiff argues that because his Motion for Summary Judgment constitutes purely a legal issue, and that its disposition does not require review of the administrative record or of any additional evidence I may admit, that its dismissal as moot based on the filing of a new administrative record constituted mistake or error.

In reviewing this motion, I first note that with regard to the Motion for Summary Judgment at issue, Plaintiff failed to comply with my Order that directed the parties to submit their amended dispositive motions on for before December 9, 2015. [Doc #38] As a result, my denial of the Motion for Summary Judgment at issue was not inadvertent or a mistake pursuant to Fed. R. Civ. P. 60(a).

Nonetheless, it does appear that Plaintiff's Motion for Summary Judgment seeks determination of a purely legal question – whether Plaintiff's is entitled to an award of his reasonable attorney fees incurred as the prevailing party in the underlying administrative proceedings despite Defendant's counterclaim requesting review of the Agency Decision – with no review of the administrative record necessary for its resolution. As such, I agree with Plaintiff's argument that the denial of the Motion for Summary Judgment at issue *as moot*, in light of his purely legal claim, was improper. *See generally Sigma Chi Fraternity v. Regents of University of Colo.*, 258 F. Supp. 515, 523 (D. Colo. 1966)(ruling that an action is considered moot when it no longer presents a justiciable controversy, because the issues involved have become academic or dead, or when a judgment, if rendered, will have no practical legal effect upon the existing controversy).

I note, however, that the primary contested issue in the Motion for Summary Judgment requires a determination of the prevailing party of the administrative proceedings. Because such determination is more efficiently and properly made after the conclusion of my review of the Agency Decision on the merits, I will not determine Plaintiff's claim for attorneys fees and costs until such time as I rule on all the claims pending in this case. As a result, I reject Plaintiff's argument to the extent he asserts that he is entitled to an interim award, under 20 U.S.C.

§1415(i)(3)(B)(i)(I), for the fees and cost he incurred in the underlying administrative proceeding. *See generally Chavez ex rel. Chavez v. Bd. of Educ. of Tularosa Mun. Schools*, 2009WL1300745 (D.N.M. 2009)(unpublished)(ruling that the District Court has jurisdiction to award attorney fees and costs to the party who prevailed at the IDEA administrative hearings, but determining prevailing-party status following the District Court proceedings).

ACCORDINGLY, I GRANT the Motion For Reconsideration [**Doc #53**] as follows: Plaintiff's Motion for Summary Judgment [**Doc #20**] is not DENIED AS MOOT but, rather, is DENIED WITHOUT PREJUDICE, to be amended and re-filed with leave of the Court if appropriate.

Dated: February   19  , 2016, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE

3