IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00426-LTB-MJW

**L.S., by and through his parents and next friends, E.S. and J.S.**,

Plaintiff,

v.

**Pikes Peak Board of Cooperative Educational Services**,

Defendant.

---

## PRE-EVIDENTIARY HEARING ORDER

---

Plaintiff, L.S. by and through his parents and next friends, E.S. and J.S. and Defendant,

Pikes Peak Board of Cooperative Educational Services (BOCES), by and through their attorneys,

hereby submit this Pre-Evidentiary Hearing Order as follows:

### I.   EXHIBITS

Defendant will present the evidence authorized by the Court's February 11, 2016 Order as

follows:

1. February 3, 2015 Incident Report

2. Dr. Freeman's April 2016 Evaluation Report

3. May 2015 Individualized Education Program (IEP)

Also, Defendant will proffer documentation of an additional behavior incident and meeting

convened in December 2015, after the Pikes Peak BOCES had submitted the Motion for

Additional Evidence.

Counterclaim-Defendant may present the following exhibits:

1. Behavior Reduction Progress summaries 12/18/2014 – 10/09/2015 (only post-hearing progress reports provided by Defendants)

2. L.S. Daily Reports 12/18/2014 – 12/11/2015

3. Emerge's August 2015 Independent Educational Evaluation Report

4. April 6, 2015 Letter from Bruce E. Grabert, M.D.

5. April 9, 2015 Signed Consent for Evaluation

## II. WITNESSES

Defendant will present the following witnesses:

### 1. David Slothower, Principal

**Estimated Length of Testimony: 45 -60 minutes**

Mr. Slothower will testify regarding Plaintiff's physical attack on a staff member at school in February 2015 during which the Principal intervened directly and for which he oversaw the creation of a report that documented this serious event, classified by police as second-degree assault. Also, Mr. Slothower will testify regarding subsequent behavioral incidents, specifically including an incident that occurred on December 11, 2015 in a general education class during which L.S. became aggressive towards himself, physical property and staff, including Mr. Slothower.

### 2. Dr. B.J. Freeman

**Estimated Length of Testimony: 2 hours**

Dr. Freeman will testify regarding her evaluation of L.S. conducted in March/April 2015, the results of that evaluation, and how the new information provided by the evaluation impacts,

if at all, her opinions as expressed at the due process hearing regarding L.S.'s educational needs,

Defendant's offer of FAPE, and the appropriate educational setting for L.S.

Counterclaim-Defendant may present the following witnesses:

### 1.  Alicia Christie, L.S.'s Former Paraprofessional

#### Estimated Length of Testimony: 60 minutes

Alicia Christie was the staff member who was involved in the February 2015 behavior

incident.  Ms. Christie will also testify that she remained L.S.'s paraprofessional despite the

incident until she was constructively discharged by Defendant in October 2015 for her

communication with L.S.'s parents.  Ms. Christie will testify about her observations and

impressions of L.S. immediately prior to the incident, during the incident, and after the incident

and her observation that L.S. suffered a seizure which precipitated the behavior incident.  Ms.

Christie will also testify about L.S.'s behavior at Calhan High School before and after the

incident.

### 2.  Dr. Helena Huckabee

#### Estimated Length of Testimony:  2 hours

Dr. Huckabee will testify regarding her evaluation of L.S. in July/August of 2015 and the

results of that evaluation.  Dr. Huckabee will rebut the opinions offered by Dr. Freeman

regarding an appropriate educational placement for L.S. and will testify about the

recommendations for L.S.'s educational placement at Calhan High School set forth in the Report.

Dr. Huckabee will also testify in conformance with her deposition testimony.  Dr. Huckabee may

provide further rebuttal testimony based on the evidence presented by Defendant.

### 3.  Dr. Bruce E. Grabert

**Estimated Length of Testimony:  1 hour**

Dr. Grabert is L.S.'s pediatric neurologist and will testify about L.S.'s epilepsy and seizure history and how that impact's L.S.'s access to education.  Dr. Grabert will testify about his communications with Defendant, both orally and in writing, regarding his opinion that it would be medically dangerous to change L.S.'s educational placement to a separate school in Colorado Springs, CO; that this daily transport would increase the likelihood of grand mal seizures; and that the lack of medical facilities between Calhan and Colorado Springs is medically concerning if L.S. suffers a grand mal seizure en route.  Dr. Grabert will testify that because of L.S.'s intractable seizure disorder, it is his opinion that L.S.'s educational placement should remain at Calhan High School.  Dr. Grabert will also testify in conformance with his deposition testimony.  Dr. Grabert may provide further rebuttal testimony based on the evidence presented by Defendant.

### 4.  E.S.

**Estimated Length of Testimony:  1 hour**

E.S. is L.S.'s father.  E.S. will testify regarding his observations and impressions regarding the February 2015 and the December 15, 2015 behavior incidents.  E.S. will also testify regarding his communications with Principal Slothower about whether there was any concerns regarding L.S.'s safety or the safety of others at Calhan High School following the February 2015 incident. E.S. will testify regarding his communications with Mr. Slothower that he does not work outside the home and is available within minutes to assist in any manner with regard to any perceived or real safety issues that may involve L.S. a Calhan High School.  E.S.

4

will also testify about his offer to be present in or at Calhan High School for any period of time if there is any perceived concern about L.S.'s safety or the safety of others, and Mr. Slothower's rejection of said offer.  E.S. will also testify about L.S.'s epilepsy and seizure history from the date of the due process hearing to the present.  E.S. may provide further rebuttal testimony based on the evidence presented by Defendant.

## III.    ANTICIPATED DISPUTED EVIDENTIARY ISSUES

Defendant objects to Plaintiff's evidence as outside the scope of IDEA's additional evidence standard and beyond the scope of proper rebuttal evidence. In particular, Plaintiff now indicates an intent to adduce evidence from Dr. Grabert that Plaintiff had identified for the administrative hearing below but elected not to present as a matter of trial strategy.  Also, Defendant objects to Plaintiff's plan to introduce Exhibits 1 and 2 as beyond the scope of rebuttal evidence.  If such exhibits totaling over 300 pages are admitted, Defendant will be required to present additional witnesses to authenticate and explain the exhibits and to present additional educational records to provide the appropriate context for Plaintiff's select exhibits. Also, Defendant notes Plaintiff's identification of exhibits and summaries of testimony contain misleading factual inaccuracies and reserves any related objection. Finally, Defendant objects to Plaintiff's planned testimony that extends beyond the witnesses' direct knowledge and expertise.

Counterclaim-defendant reserves its objections to the admission of additional evidence previously presented to the Court.  Counterclaim-defendant has requested all of L.S.'s education records subsequent to the date of the December 10-12, 2015 due process hearing and believes

that Defendant has not produced all of the education records.  Counterclaim-defendant reserves

the right to supplement his rebuttal evidence should further education records be produced.

DATED: March 3, 2016, in Denver, Colorado.


BY THE COURT


s/ Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE